## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2018, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amber Krieg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 29, 2018

Court of Appeals Case No.
18A-CR-1230

Appeal from the Vanderburgh
Superior Court

The Honorable Robert J. Pigman,
Judge

Trial Court Cause No.
82D03-1511-F4-7265

**Vaidik, Chief Judge.**

[1]  Amber Krieg appeals the revocation of her placement in the Vanderburgh County Community Corrections work-release program. We reverse. Krieg was

accused of violating Condition 14 of the work-release program, which provides, "I will not use or consume any illegal drugs, or controlled substances without a valid current prescription." Ex. 1.[1] The only evidence the State presented to show that Krieg violated this condition was the testimony of two residential officers who believed that Krieg was "intoxicated" and "under the influence of an unknown substance" one day at the work-release facility. Tr. pp. 6, 10, 14, 15. The problem with this evidence is that even prescribed drugs can cause a person to be intoxicated. *See, e.g., Alfrey v. State*, 960 N.E.2d 229, 234 (Ind. Ct. App. 2012), *trans. denied*. As such, the mere fact that Krieg appeared intoxicated does not, standing alone, support the conclusion that she used or consumed an illegal or unprescribed drug. Notably, Krieg testified at the revocation hearing that she had been prescribed Seroquel (which can cause drowsiness, according to the FDA), that she had taken a dose the night before she was observed to be intoxicated, and that she felt "a little drowsy" and "[a] little groggy" when she woke up the next day. Tr. pp. 17-18. The State failed to prove that Krieg had taken anything other than that dose of Seroquel.

[2] Reversed.

Riley, J., and Kirsch, J., concur.

---

[1] The petition to revoke that was filed alleged that Krieg had violated "section IV of the VCWR Handbook," which apparently provides that "any use or possession of intoxicants, unauthorized or illegal drug is strictly prohibited." Appellant's App. Vol. II p. 57. At the revocation hearing, however, no mention was made of that provision. The hearing focused on Condition 14 of the work-release program. Tr. p. 6. Similarly, the State discusses only Condition 14 of the work-release program in its brief on appeal.